UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| CHARLES BLALOCK, | No. 2:17-cv-1813 TLN AC P |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| J. CLARK KELSO, et al. | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983. By order filed November 22, 2019, this case was referred to the court's Post-Screening ADR (Alternative Dispute Resolution) Project and stayed for a period of 120 days. ECF No. 24. That order provided defendant the opportunity to request opting out of the ADR Project based on a good faith belief that a settlement conference would be a waste of resources. Id. at 2. Defendant now requests to opt out of the Post-Screening ADR Project and that the stay be lifted. ECF No. 26. Having reviewed the request, the court finds good cause to grant it.

Additionally, on October 22, 2019, the court ordered service of the complaint on defendants through the Court's E-Service pilot program. Service on behalf of defendant Gideon was not waived because he passed away on April 1, 2017, ECF No. 22, approximately five months before this action was initiated. Plaintiff therefore must make a decision. Plaintiff may,

1

if he so chooses, file a notice voluntarily dismissing defendant Gideon only. If he does so, the case will continue to proceed against defendant Miranda. If plaintiff wants to continue to try and pursue his claims against Gideon, he will have to identify the representative of Gideon's estate and file a motion to substitute the estate for defendant Gideon. A motion to substitute the proper party for defendant Gideon under Federal Rule of Civil Procedure 25 must be filed within ninety days and must provide information that will allow the United States Marshal to serve the proposed substitute party (i.e. name and address of representative). If the motion does not contain information necessary to carry out service on the proposed substitute party, it shall be denied. Plaintiff shall promptly seek such information through discovery, the California Public Records Act, Calif. Gov't. Code § 6250, et seq., or other means available to plaintiff. If access to the required information is denied or unreasonably delayed, plaintiff may seek judicial intervention. In the event plaintiff fails to file a proper motion to substitute within ninety days, it will be recommended that defendant Gideon be dismissed from this action.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's request to opt out of the Post-Screening ADR Project, ECF No. 26, is granted.

2. The stay of this action, commencing November 22, 2019, ECF No. 24, is lifted.

3. Within twenty-one days of the filing of this order, defendant Miranda shall file a response to the complaint.

4. Within ninety days of the service of this order, plaintiff must file either (1) a notice that he is voluntarily dismissing defendant Gideon or (2) a motion to substitute a proper party for defendant Gideon that includes information necessary to serve the proposed substitute party. Failure to file such a motion will result in a recommendation that defendant Gideon be dismissed.

DATED: January 22, 2020

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE